IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRECISIONIR, INC., formerly known as WILink, Inc., a Virginia Corporation,<br>          Plaintiff, | : : : : | CIVIL ACTION |
| v. | : : | NO. 07-3471 |
| MICHAEL SLAWTER, an individual, and TALKPOINT HOLDINGS, L.L.C., d/b/a TalkPoint Communications, a New York Limited Liability Company,<br>          Defendants. | : : : : : : | |

DuBOIS, J.                                                                                                                                                                                                                                                                                                                     February 18, 2010

## MEMORANDUM

### I.     Introduction

Presently before the Court is the Motion of Defendants Michael Slawter and TalkPoint Holding, L.L.C., d/b/a TalkPoint Communications for Relief from Judgment Pursuant to Rule 60(b), seeking relief from the Court's denial of defendants' motion for summary judgment. Defendants argue that PrecisionIR, Inc.'s ("PrecisionIR") withdrawal of its Virginia Uniform Trade Secrets Act ("VUTSA") claim in a related case pending in the Southern District of New York, PrecisionIR v. Clepper and Talkpoint Holdings, L.L.C. d/b/a TalkPoint Communications, precludes PrecisionIR's similar VUTSA claim against defendant TalkPoint Communications ("TalkPoint") in the instant case.[1] For the reasons set forth below, defendants' Motion for Relief

---

[1] Defendants, in their Reply Brief, appear to limit their motion for relief to the order denying Talkpoint's motion for summary judgment. Whether defendants' motion is aimed only at TalkPoint, or whether it is meant to challenge the Court's denial of the motion for summary judgment as to both defendants, does change not change Court's analysis.

from Judgment Pursuant to Rule 60(b) based on issue preclusion is denied.

## II. Background

The history of this case is set forth in the Court's Order of November 25, 2009 denying the parties' cross-motions for summary judgment. The Court will refer in this Memorandum only to those facts which are relevant to deciding the present motion.

In Clepper, PrecisionIR asserted claims under Virginia law against Brent Clepper and Talkpoint that are similar to the claims in this case. Count IV of the original complaint in Clepper alleged that Clepper and Talkpoint violated the Virginia Uniform Trade Secrets Act. Specifically, PrecisionIR claimed that Clepper learned trade secrets while employed at PrecisionIR, and later utilized these secrets as an employee at TalkPoint, a competitor company. In the case before this Court, PrecisionIR has also alleged that a former employee, Michael Slawter, together with Talkpoint, misappropriated its trade secrets.

In the course of the Clepper case, PrecisionIR filed an Amended Complaint in which it withdrew its VUTSA claim against both Clepper and Talkpoint. Defendants seek relief from this Court's denial of its motion for summary judgment, arguing that plaintiff's withdrawal of the VUTSA claim in the Clepper case precludes plaintiff from asserting the claim in the instant case. The Court concludes that defendants' motion is procedurally improper and, in any event, lacks substantive merit, and therefore denies the motion.

## III. Rule 60(b) Does Not Provide Relief from the Denial of a Motion for Summary Judgment

As a threshold matter, Rule 60(b) does not apply to a denial of a motion for summary judgment. Rule 60(b) provides that a "court may relieve a party or its legal representative from a

final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The language of the rule itself make clear that the rule only affords relief from a final order. The Advisory Committee Notes further explain that "the word 'final' emphasizes the character of the judgments, orders, or proceedings from which Rule 60(b) affords relief." Fed. R. Civ. P. 60(b), 1964 Advisory Committee Note.

A denial of a motion for summary judgment is not a final or appealable decision. See, e.g., New York Football Giants, Inc. v. Cmm'r, 349 F.3d 102, 105 (3d Cir. 2003) (citing Ryan v. Cmm'r, 680 F.2d 324, 326 (3d Cir. 1982)); Hart v. Overseas Nat. Airways, Inc., 541 F.2d 386, 394 (3d Cir. 1976). Because the Court's November 25, 2009 Order denying the parties' cross-motions for summary judgment was not a final order, Rule 60(b) is not applicable, and defendants' Rule 60(b) motion must be denied.

**IV. Issue Preclusion**

Even if Rule 60(b) were an appropriate vehicle to challenge a denial of a motion for summary judgment, defendants would not be entitled to relief. That is so because the issues in Clepper are not identical to the issues in this case.[2]

The defense of issue preclusion requires that three elements be satisfied: 1) the issue decided in the earlier action must be identical to the one presented in the later action, 2) there must be a final judgment on the merits in the earlier action, and 3) the party against whom preclusion is being applied must have had a full and fair opportunity to litigate the issue in the

---

[2] The Court notes that, under Rule 60(b), the moving party bears the burden of proof. See, e.g., Horne v. Flores, 129 S. Ct. 2579, 2593 (2009). Therefore, defendants would bear the burden of proving that the issues are identical and that the factual differences are not of legal significance. Despite many assertions to the contrary in defendants' briefs, PrecisionIR need not demonstrate that the issues are not identical.

previous action. See Dici v. Pennsylvania, 91 F.3d 542, 548 (3d Cir. 1996).

The Court concludes that the first of these three elements – identity of issues – is not satisfied in this case. The issues relating to the VUTSA claims in Clepper and this case, while similar, are not identical. The Restatement (Second) of Judgments sets forth four factors to consider in determining whether issues are identical: 1) substantial overlap between the evidence or argument to be advanced in the two proceedings, 2) application of the same rule of law, 3) overlap in discovery and pretrial preparation, and 4) how closely related the claims are. Restatement (Second) of Judgments § 27 cmt. c (1982). When two issues involve different facts, issue preclusion will only apply if the factual differences "are of no legal significance whatever in resolving the issue presented." United States v. Stauffer Chem. Co., 464 U.S. 165, 172 (1984).

Where the acts underlying two claims are materially different, issue preclusion does not apply, even if the causes of action are the same. In Parker v. Yahoo, Inc., the plaintiff sued Yahoo for violating his intellectual property rights by copying and displaying materials from his website using a search engine. No. 07-2757, 2008 WL 4410095, at *1 (E.D. Pa. Sept. 25, 2008). The plaintiff in Parker had previously asserted claims against Google for copying and displaying plaintiff's intellectual property. Id. at *2. The Parker court dismissed that part of plaintiff's claim which related to the copying of plaintiff's materials by Yahoo based on issue preclusion, finding that, with respect to copying, Yahoo and Google had engaged in identical conduct. Id. at *3. However, plaintiff was not precluded from asserting a claim against Yahoo for displaying his material because Yahoo's conduct, although similar, was different from Google's in terms of the "scope and method of the display of Parker's works." Id.

The factual differences between the Clepper case and the instant case, like those in Parker, are of legal significance in resolving the issues presented. The evidence advanced to prove the VUTSA claim in each case would not significantly overlap. Slawter and Clepper had different roles at PrecisionIR. Clepper was a Director of Business Development-Investment Companies and later Director of Channel Sales – positions in which he managed client acquisition and retention programs and developed client sales plans. (See Clepper Complaint ¶¶ 16-19.) Slawter, on the other hand, sold internet webcasting and webconferencing and teleconferencing services. (See Slawter Complaint ¶¶ 12-16). The distinct nature of Slawter's and Clepper's work would require PrecisionIR to present different evidence in each case in order to prove knowledge of trade secrets and the misappropriation of those secrets.

Moreover, the alleged methods of misappropriation are different in the two cases. The complaint in Slawter alleges that Slawter used a PrecisionIR work computer to email confidential company documents, including client lists and account information, to his personal email account shortly before leaving PrecisionIR. (Slawter Complaint ¶ 19, 91). In contrast, the complaint in Clepper contains no specific allegations regarding how Clepper acquired trade secrets from PrecisionIR, or the specific nature of trade secrets at issue. (See Clepper Complaint ¶¶ 21-22, 97). Thus, PrecisionIR must present different evidence to prove the VUTSA allegations in the two cases.

Due to the factual differences in the claims against Clepper and Slawter, there is no identity of issues. Absent identity of issues, defendants could not rely on issue preclusion to

obtain relief from this Court's denial of defendants' motion for summary judgment.[3]

## V.  CONCLUSION

For the forgoing reasons, the Motion of Defendants Michael Slawter and Talkpoint Holding, L.L.C., d/b/a Talkpoint Communications for Relief from Judgment Pursuant to Rule 60(b) is denied.

An appropriate order follows.

---

[3] Because the Court has concluded that there is no identity of issues, it does not address the questions of whether there was a final judgment on the merits in the Clepper case or whether PrecisionIR had a full and fair opportunity to litigate the issues in that case.